# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE LETTERS ROGATORY FROM CANADA,** | **NO. 08-MC-50465-DT** |
| | **DISTRICT JUDGE GERALD E. ROSEN** |
| **IN RE CONSIDAR METAL MARKETING, INC.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| _____/ | |

## OPINION AND ORDER DENYING EX PARTE PETITION

This matter comes before the Court on the Ex Parte Petition Requesting Entry of Letters Rogatory by the United States District Court for the Eastern District of Michigan filed by Considar Metal Marketing, Inc. on May 19, 2008. (Docket no. 1). This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Petitioner Considar requests that three letters rogatory be issued by this Court to the Canadian courts in connection with Petitioner's attempt to obtain deposition testimony and document production from three Canadian companies: Fishercast Corp.; Teck Cominco, Metals Ltd.; and Xtrata, Zinc, Inc. (Docket no. 1). Petitioner seeks this discovery in connection with an action in this court in which it is the Defendant. *Metropolitan Alloys Corp. v. Considar Metal Mktg, Inc.*, No. 06-12667 (E.D. Mich.). In *Metropolitan*, Plaintiff Metropolitan Alloys Corp. (MAC) claims that Petitioner failed to honor a contract to sell to Plaintiff special high grade zinc at a certain price in 2005 and 2006. (Docket no. 1). As a result, Plaintiff claims that it was forced to obtain zinc from

other companies and in the process it suffered damages. (*Id*.). The discovery period ends in *Metropolitan* on August 29, 2008. (*Id*.; docket no. 28).

Petitioner alleges in its Ex Parte Petition that through discovery it has learned that the three corporations listed above and located in Ontario, Canada, have information pertaining to the allegations made by Plaintiff in *Metropolitan*. Fishercast Corporation is located in Peterborough, Ontario, and Petitioner states that "MAC alleges it has a contract with Fishercast and that MAC suffered economic damage when it purchased SHG Zinc from other suppliers given Considar did not provide SHG Zinc pursuant to the alleged oral agreement." (Docket no. 1 at 3). Petitioner also alleges that the "other two [Canadian companies] are zinc suppliers that did or may have supplied zinc." (*Id*.). These two companies are located in Toronto, Canada. (*Id*.).

Petitioner further alleges that it has "been unable to secure information from these corporations" which makes letters rogatory essential to ensure that the litigants have access to all relevant information pertaining to the case. (*Id*.). The three proposed letters rogatory to these companies are attached to Petitioner's petition. The documents sought by Petitioner are generally all order, confirmations, contracts, and communications between Plaintiff MAC and the Canadian companies relating to the sale of high grade zinc. (Docket no. 1).

A court has inherent authority to issue letters rogatory. *See United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). In addition, 28 U.S.C. § 1781(a)(2) implicitly provides federal courts with authority to issue letters rogatory when it allows the United States Department of State to receive a letter rogatory issued by a tribunal in the United States for the purpose of transmitting it to the foreign tribunal. Whether to issue such a letter is a matter of discretion for the court. *See United States v. Mason*, 1990 WL 185894, slip copy at *2 (4th Cir. Nov. 29, 1990); *Asis Internet*

*Servs. v. Optin Global, Inc.*, 2007 WL 1880369, slip copy at *3 (N.D. Cal. June 29, 2007). Conducting a deposition in a foreign country under the authority of a letter rogatory is provided for in Fed. R. Civ. P. 28(b)(1). Factors relevant to the court's exercise of its discretion include those listed in Fed. R. Civ. P. 26(b) and (c). *Asis Internet Servs.*, 2007 WL 1880369, slip copy at *3. The Supreme Court has cautioned that American courts "should exercise special vigilance to protect foreign litigants" from unwarranted discovery when deciding whether to authorize the taking of evidence abroad. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 546 (1987); *Kia Motors America, Inc. v. Autoworks Distrib.*, 2007 WL 4372949, slip copy at *5 (D. Minn. Sept. 27, 2007).

In considering the relevant factors, the Court finds good reason to deny Petitioner's request for letters rogatory. Petitioner's showing in its Ex Parte Petition that the requested discovery is reasonably calculated to lead to the discovery of admissible evidence is weak. Fed. R. Civ. P. 26(b)(1). Petitioner merely claims that Teck Cominco Metals Limited and Xstrata Zinc "did or may have" supplied zinc to Plaintiff. There is no support given for the conclusion that these companies "may have" supplied zinc to Plaintiff. With respect to Fishercast Corp., Petitioner claims that Plaintiff MAC alleges that it has a contract with Fishercast. The nature of this contract is not stated. Also, there is no support given for the statement even if the Court assumes that the contract was related to Plaintiff supplying Fishercast with zinc alloy. Such a weak initial showing of the likelihood of discovering relevant information is cause in and of itself to deny Petitioner's request. *See Asis Internet Servs.*, 2007 WL 1880369, slip copy at *3.

Another reason for denying Petitioner's request is that it has failed to explain the efforts it has made to obtain the requested discovery from Plaintiff MAC. Although exhaustion of other

available remedies is not a prerequisite to issuing a letter rogatory under Rule 28(b)(2), whether the discovery can be obtained from another source that is more convenient, less burdensome, or less expensive under Rule 26(b)(2) remains a relevant consideration. *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003); *Madanes v. Madanes*, 199 F.R.D. 135, 141 (S.D.N.Y. 2001). The types of documents requested in the proposed letters rogatory are the type that presumably Plaintiff MAC would possess or control here in Michigan. Obtaining such documents from Plaintiff MAC would be a much easier and efficient process for obtaining the documents.[1] The only information supplied by Petitioner on this issue is its conclusory assertion in its Petition that it "has been unable to secure information from these corporations." (Docket no. 1 at 3). The possibility that an easier and more efficient method exists to obtain the requested discovery weighs in favor of denying Petitioner's request for letters rogatory.

Finally, Petitioner's filing of its Ex Parte Petition is not the best method for bringing this issue before the Court for decision. The action in which Petitioner plans to use any relevant information obtained by the letters rogatory is pending before this Court. By filing this ex parte petition, rather than filing a motion in that pending case, Petitioner has deprived Plaintiff MAC of the opportunity to respond and make any arguments it may have concerning Petitioner's request. Courts have identified dangers in granting ex parte discovery orders, especially in the context of international litigation and letters rogatory, and cautioned against the practice. *See In re Merck & Co.*, 197 F.R.D. 267, 270-71 (M.D.N.C. 2000). Petitioner offers no reason why it chose not to file

---

[1] A related consideration is that the recently extended close of discovery in the underlying action is August 29, 2008. The process of obtaining discovery through letters rogatory will surely be more time-consuming than obtaining the documents from MAC.

-4-

a motion in the underlying action, and nothing in the record shows that Plaintiff MAC is aware of this separate action regarding letters rogatory.

**IT IS THEREFORE ORDERED** that Petitioner's Ex Parte Petition (docket no. 1) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 15, 2008
        s/ Mona K. Majzoub
        MONA K. MAJZOUB
        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 15, 2008
        s/ Lisa C. Bartlett
        Courtroom Deputy